UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SONDA MADLOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-CV-703-CVE-PJC |
| | ) |
| FARMERS INSURANCE COMPANY, INC. | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court pursuant to defendant's Notice of Removal (Dkt. # 2). Plaintiff originally brought this action in the District Court of Tulsa County. Plaintiff's complaint seeks recovery under an insurance policy issued by Farmers Insurance Company, Inc. ("Farmers") and damages for Farmers' alleged breach of the duty of good faith and fair dealing, tortious interference with contract, and slander. In the complaint, plaintiff seeks actual and punitive damages in excess of $10,000.[1]

Farmers removed this action to this Court on the basis of diversity jurisdiction. Farmers contends that diversity jurisdiction is properly invoked here, because it is a foreign corporation and plaintiff is a citizen of Oklahoma. Farmers further contends the federal jurisdictional amount in controversy is met, alleging that:

---

[1] In Oklahoma, the general rules of pleading require that:

> [e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall, without demanding any specific amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract.

Okla. Stat. tit. 12, § 2008(2).

Dockets.Justia.com

> The amount in controversy is greater than $75,000. Plaintiff has alleged actual damages in excess of $10,000, punitive damages in excess of $10,000, prejudgment interest, attorneys fees, court costs and any other relief the Court deems just . . . . Under Oklahoma law, a plaintiff may be awarded, as punitive damages, the greater of actual damages or $100,000 for breach of the duty of good faith and fair dealing by the plaintiff's insurer. Moreover, "punitive damages may be considered in determining the requisite jurisdictional amount." Thus, the amount sought, by Plaintiff, for actual and punitive damages exceeds the jurisdictional amount of $75,000, exclusive of interest and costs.

Dkt # 2, Notice of Removal, at 2 (internal citations omitted). However, defendant fails to include an economic analysis of the potential value of plaintiff's claims or the likelihood that plaintiff will recover punitive damages in any amount.

Section 1447 requires that a case be remanded to state court if at any time before final judgment it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Initially, the Court notes that federal courts are courts of limited jurisdiction. With respect to diversity jurisdiction, "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

In order for a federal court to have diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The Tenth Circuit has clarified the analysis which a district court should undertake in determining whether an amount in controversy is greater than $75,000. The Tenth Circuit stated:

> [t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts

2

> supporting [the] assertion that the amount in controversy exceeds [$75,000]." Moreover, there is a presumption against removal jurisdiction.

Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (citations omitted) (emphasis in original); e.g., Hughes v. E-Z Serve Petroleum Marketing Co., 932 F. Supp. 266 (N.D. Okla. 1996) (applying Laughlin and remanding case); Barber v. Albertson's, Inc., 935 F. Supp. 1188 (N.D. Okla. 1996) (same); Martin v. Missouri Pacific R.R. Co. d/b/a Union Pacific R.R. Co., 932 F. Supp. 264 (N.D. Okla. 1996) (same); Herber v. Wal-Mart Stores, 886 F. Supp. 19, 20 (D. Wyo. 1995) (same); Homolka v. Hartford Ins.. Group, Individually and d/b/a Hartford Underwriters Ins.. Co., 953 F. Supp. 350 (N.D. Okla. 1995) (same); Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351 (N.D. Okla. 1995) (same); Maxon v. Texaco Ref. & Marketing Inc., 905 F. Supp. 976 (N.D. Okla. 1995) (same).

Further, "both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." Laughlin, 50 F.3d at 873; see also Associacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (Anpac) v. Dow Quimica de Colombia S.A., 988 F.2d 559, 565 (5th Cir. 1993) (finding defendant's conclusory statement that "the matter in controversy exceeds [$75,000] exclusive of interest and costs" did not establish that removal jurisdiction was proper); Gaus v. Miles, Inc, 980 F.2d 564 (9th Cir. 1992) (mere recitation that the amount in controversy exceeds $75,000 is not sufficient to establish removal jurisdiction).

Where the face of the complaint does not affirmatively establish the requisite amount in controversy, the plain language of <u>Laughlin</u> requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds $75,000, but also <u>facts</u> underlying the defendant's assertion. In other words, a removing defendant must set forth specific facts which form the basis of its belief that there is more than $75,000 at issue in the case. The removing defendant bears the burden of establishing federal court jurisdiction at the time of removal, and not by supplemental submission. <u>Laughlin</u>, 50 F.3d at 873. <u>See</u> <u>Herber</u>, 886 F. Supp. at 20 (holding that the jurisdictional allegation is determined as of the time of the filing of the notice of removal). The Tenth Circuit has clearly stated what is required to satisfy that burden. As set out in <u>Johnson v. Wal-Mart Stores, Inc.</u>, 953 F. Supp. 351 (N.D. Okla. 1995), if the face of the petition does not affirmatively establish that the amount in controversy exceeds $75,000.00, then the rationale of <u>Laughlin</u> contemplates that the removing party will undertake to perform an economic analysis of the alleged damages with <u>underlying facts</u>.

In her complaint, plaintiff has asserted claims for both contractual and extra-contractual damages, including financial losses, mental pain and suffering, and punitive damages in excess of $10,000. In its notice of removal, Farmers offers no specific facts to show that the federal amount in controversy has been met. Farmers simply states that the amount in controversy exceeds $75,000, but Farmers does not provide any economic analysis of plaintiff's claims. It is not clear from the face of the complaint that plaintiff is seeking more than $75,000 in damages and, in its notice of removal, Farmers fails to set forth any underlying facts to support this assertion. All that can be determined from reviewing the complaint and the notice of removal is that plaintiff seeks more than $10,000 in damages, but this clearly does not satisfy the federal amount in controversy requirement.

4

Farmers asserts that the amount in controversy is established by plaintiff's claim for punitive damages, which are limited by Oklahoma law to $100,000, or the amount of actual damages awarded. OKLA. STAT. tit. 23, § 9.1(B)(1). In this case, defendant merely asserts that because plaintiff has a claim for punitive damages, which may give rise to a punitive award of up to $100,000, the amount in controversy exceeds $75,000. See Dkt. # 2, at 2-3. This argument overlooks defendant's burden of establishing federal jurisdiction by a preponderance of the evidence. Laughlin requires a factual analysis to meet this burden. When, as here, plaintiff's damages are admittedly unspecified, defendant must do more than broadly reference the causes of action within plaintiff's complaint. See id. at 2. Defendant must show that plaintiff is likely to recover punitive damages and provide an analysis as to the amount of punitive damages. Allison v. Metropoplitan Life Ins. Co., 2007 WL 1160329, *3 (N.D. Okla. Apr. 17, 2007) ("this Court has held numerous times that the mere invocation of state law limits on punitive damages does not establish the underlying facts necessary to fix the amount in controversy under *Laughlin*"). Defendant provides no objective evidence, or factual or economic analysis, to show that the amount in controversy actually exceeds $75,000.

The Court finds that Farmers' conclusory statements do not constitute an analysis of the alleged damages as contemplated by the Tenth Circuit in Laughlin. The Court concludes that removal is improper on the basis of diversity jurisdiction since it has not been established, either in plaintiff's complaint or in Farmers' notice of removal, that the amount in controversy here exceeds $75,000. Based upon a review of the record, the Court holds that Farmers has not met its burden as defined in Laughlin. Thus, the Court is without subject matter jurisdiction and lacks the power

5

to hear this matter. As a result, the Court must remand this action to the District Court of Tulsa County.

**IT IS THEREFORE ORDERED** that the Court Clerk is ordered to remand this case to the District Court of Tulsa County.

**DATED** this 19th day of December, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT